UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: ) <br> ) <br> SAINT CATHERINE HOSPITAL ) <br> OF INDIANA, LLC ) <br> ) <br> Debtor ) <br> ) | CHAPTER 11 <br><br> CASE NO. 12-91316 |

**EMERGENCY MOTION FOR AUTHORITY TO INCUR SECURED DEBT WITH PRESIDENTIAL HEALTHCARE CREDIT CORPORATION, TO USE CASH COLLATERAL, AND TO PROVIDE ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. SECTIONS 363 AND 364**

\* \* \* \* \*

Saint Catherine Hospital of Indiana, LLC, debtor and debtor-in-possession herein (referred to herein as the "Debtor"), files this Emergency Motion for Authority to Incur Secured Debt With Presidential HealthCare Credit Corporation, To Use Cash Collateral, and To Provide Adequate Protection Pursuant to 11 U.S.C. Sections 363 and 364 (the "Motion").

**Jurisdiction and Venue**

1.   The Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (M) and (O).  The statutory predicates for the relief requested in this motion are 11 U.S.C. §§ 105, 361, 363, 364 and Rules 4001(b) and 9014 of the Federal Rules of Bankruptcy Procedure.

2.   Venue of these proceedings and the within motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

3. On June 19, 2012 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to manage its property and operate its business as a debtor in possession pursuant to §§ 1107(a) and 1108.[1]

4. No trustee, examiner or creditors committee has yet been appointed in this case. Notice of this Emergency Motion has been given to all Secured Creditors of the Debtor and the Debtor's 20 Largest Unsecured Creditors. Because of the exigencies of the circumstances and the irreparable harm to the Debtor that will ensue if the relief requested herein is not granted expeditiously, Debtor submits that no other notice need be given.

5. The Debtor is a Delaware limited liability company and operates an acute care hospital located in Charlestown, Indiana (the "Hospital"). As such, the Debtor is a "health care business" as that term is defined in § 101(27A). As of the Petition Date, the Debtor employed approximately 284 individuals.

6. During the previous year, the Debtor has struggled financially. From May 2011 through April 2012, the Debtor's net operating loss totaled $1,278,984.

7. On April 9, 2012, Saint Catherine Hospital of Pennsylvania, LLC ("SCHP") filed a petition for Chapter 11 relief in the United States Bankruptcy Court for the Middle District of Pennsylvania, Case No. 5:12-bk-02073-JJT. SCHP requested, as a first day motion, appointment of a Chapter 11 trustee (the "SCHP Trustee"), which the court granted.

8. On May 8, 2012, the SCHP Trustee filed an adversary proceeding against the Debtor, seeking approximately $300,000 that the SCHP Trustee alleges the Debtor wrongfully

---

[1] All statutes cited herein refer to the Bankruptcy Code unless otherwise specified.

2

received from SCHP. This action, combined with the Debtor's previous operational losses, forced the Debtor to seek Chapter 11 relief.

9. The Debtor intends to sell the Hospital as a going concern. The Debtor has located a potential buyer for the Hospital, and intends to utilize the protection of the Court to permit an orderly sale.

10. The Debtor has a revolving loan with Presidential HealthCare Credit Corporation ("Presidential"). Its current arrangement is governed by that certain Revolving Credit and Security Agreement executed on March 31, 2009, as amended by that certain Loan Modification Agreement and Amendment to Loan Documents dated March 31, 2011 ("Loan Agreement") by and between Debtor and Presidential. Pursuant to the Loan Agreement, Presidential loans money to the Debtor on a revolving basis. The account debtors and the Debtor deposit funds in a lockbox account with New Washington State Bank (the "Lockbox Account"), which daily are turned over to Presidential. Presidential funds a percentage of the face amount of eligible receivables (the "Eligible Receivables") to Debtor. In addition, Presidential has a second priority security interest and right of contractual set-off on, among other things, the Debtor's cash collateral to secure amounts owed by Debtor under the Loan Agreement. Presidential's security interest in the Collateral (as defined in the Loan Agreement) is properly perfected by the UCC-1 financing statement filed with the Delaware Secretary of State on April 9, 2009 (Initial Filing #2009 1145256).At the time of the bankruptcy filing, the obligations of the Debtor to Presidential under the Loan Agreement was approximately $446,000. A true and correct copy of the Loan Agreement is attached as **Exhibit "A"** hereto and incorporated herein for all purposes.

11. At the time of the bankruptcy filing, Debtor had Availibility under the Revolving line of Credit in the approximate amount of $40,000.00. The Debtor needs funding to continue

3

its post petition operations, by paying its operating and labor costs required to provide services to the Debtor's patients and to pay ordinary and necessary business expenses, and wishes to obtain financing from Presidential on the same terms as existed pre-petition pursuant to the Loan Agreement.

12. Debtor acknowledges that Presidential has a second priority security interest in the Debtor's cash collateral and the proceeds thereof subject only to the security interest of Amerisource Bergen Drug Corporation ("Amerisource"). Debtor reserves the right to file a motion and obtain an order permitting the Debtor to use cash collateral presently held by Presidential pursuant to 11 U.S.C. 363 in the event the necessity arises, subject to notice and hearing and an order of this Court.

13. Presidential consents to the relief requested in the Motion.

### Necessity to Obtain Secured Credit under
### 11 USC section 364(c)(2) and (d) and To Use Cash Collateral

14. The Debtor cannot operate without the proceeds of the revolving loan it has with Presidential. The Debtor has weekly payroll obligations. In addition, the remaining proceeds will be used to fund the necessary expenses for Debtor to provide care to its patients. A budget of the Debtor's is attached hereto as **Exhibit "B"**. The Debtor will also use these funds to pay other ordinary and necessary business expenses. For these reasons, Debtor requests the Court authorize the Debtor to incur secured debt pursuant to section 364(c)(2) and (d) of the Bankruptcy Code by approving and authorizing the Debtor to continue to borrow funds from Presidential pursuant to the terms set forth in the Loan Agreement, granting liens and security interests to Presidential as allowed under the Loan Agreement and authorize the Debtor to use the proceeds of the loan of the cash collateral receivables to maintain the operations of its business and preserve the value of its assets for the benefit of all creditors and parties in interest.

4

15. As adequate protection of Presidential's interest in the cash collateral receivables and related proceeds (the "Cash Collateral"), the Debtor proposes to assign to and grant Presidential, effective on and after the Petition Date, valid and automatically perfected replacement liens and security interests in and upon all of the Cash Collateral on the terms provided in the Loan Agreement, whether or not such Cash Collateral arose prior to the date of the filing of Debtor's bankruptcy petition, and whether such Cash Collateral, in whole or in part, constitutes proceeds of inventory or equipment in which a pre-petition secured party would have an otherwise continuing security interest under Section 552 of the Bankruptcy Code and the proceeds thereof including all amounts from time to time deposited into lockbox account, and to assign and confirm Presidential's security interest in Cash Collateral and the proceeds thereof as security for the amounts owed under the Factoring Agreement.

16. No previous motion for the relief sought herein has been made to this or any othercourt.

## Notice

17. Notice of this Motion has been given to (a) the United States Trustee for theSouthern District of Indiana, (b) to Presidential and counsel, (c) other lienholders of the Debtor; and (d) to the parties listed on the Debtor's List of Twenty Largest Unsecured Creditors. The Debtor submits that, under the circumstances, no other or further notice is required.

## Conclusion

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order (1) to permit Debtor to obtain post-petition secured financing from Presidential in the aggregate principal amount of up to $1,500,000.00 (the "Financing") pursuant to and governed by the Loan Agreement between Debtor and Presidential, pursuant to Rule 4001(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Section 364(c) and (d) of Title 11, United

5

States Code (the "Bankruptcy Code"); (2) granting to Presidential as security for the obligations of Debtor under the Loan Agreement security interests and liens encumbering all of Debtor's Cash Collateral, whether or not such Cash Collateral came into existence prior to the date of the filing of Debtor's bankruptcy petition, and whether such Cash Collateral Receivables, in whole or in part, constitute proceeds of inventory or equipment in which a pre-petition secured party would have an otherwise continuing security interest under Section 552 of the Bankruptcy Code and the proceeds thereof including all such amounts from time to time deposited into the lockbox account; (3) upon the request of the Debtor, pursuant to Bankruptcy Rule 4001(c), that the Court conduct a preliminary hearing on the Motion to consider entry of an order authorizing the obtaining of credit pending a final hearing on the Motion; (4) confirming Presidential's right to apply any existing or future receipts to the Financing under the Loan Agreement to satisfy any existing or future obligations owed to it under the Loan Agreement; (5) allowing the Debtor to continue to maintain the Lockbox Account and excusing the Debtor from the requirements of the United States Trustee that may require the Lockbox Account to be closed and a new account opened; and (6) granting the Debtor other just relief.

Respectfully submitted,

/s/ James E. McGhee, III
DAVID M. CANTOR
JAMES E. McGHEE III
SEILLER WATERMAN LLC
22nd Floor-Meidinger Tower
462 S. Fourth Street
Louisville, Kentucky 40202
Telephone: (502) 584-7400
Facsimile: (502) 583-2100
E-mail: cantor@derbycitylaw.com
Attorneys for Debtor

## **CERTIFICATE OF SERVICE**

It is hereby certified that on June 19 2012, a true and correct copy of the foregoing Emergency Motion for Authority to Incur Secured Debt With Presidential HealthCare Credit Corporation, To Use Cash Collateral, and To Provide Adequate Protection Pursuant to 11 U.S.C. Sections 363 and 364 was served by U.S. Mail, facsimile and/or electronic mail to the United States Trustee for the Southern District of Indiana, all Secured Creditors of the Debtor, the 20 Largest Unsecured Creditors as designated in the Debtor's petition, along with the following parties:

| | |
|---|---|
| AmerisourceBergen Drug Corporation<br>1300 Morris Drive<br>Chesterbrook PA 19087 | Presidential Healthcare Credit Corporation<br>c/o Jeremy L. Retherford, Esq.<br>Balch & Bingham LLP<br>1901 Sixth Avenue North<br>Suite 1500<br>Birmingham AL 35203<br>facsimile: (205) 488-5693<br>jretherford@balch.com |
| Boulder Investment Trust<br>c/o Colleen Lane, trustee<br>78 Kings Hwy. S.<br>Westport CT 06880 | Windriver Corp. of WY, Inc.<br>c/o Patricia Lane<br>PO Box 186<br>Ashland PA 17921 |

/s/ James E. McGhee, III
JAMES E. McGHEE III

G:\doc\DMC\SAINT CAT HOSPITAL\Pldgs\First Day Motions\Emergency Motion to Incur Debt Use Cash Collateral - 6-19-12.doc