SO ORDERED: September 13, 2012.



**Basil H. Lorch III
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: )<br>)<br>SAINT CATHERINE HOSPITAL )<br>OF INDIANA, LLC )<br>)<br>Debtor )<br>) | CHAPTER 11<br><br>CASE NO. 12-91316 |

**FINAL ORDER GRANTING EMERGENCY MOTION FOR AUTHORITY TO INCUR SECURED DEBT WITH PRESIDENTIAL HEALTHCARE CREDIT CORPORATION, TO USE CASH COLLATERAL, AND TO PROVIDE ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. SECTIONS 363 AND 364**

\* \* \* \* \*

On September 10, 2012, the Court conducted a final hearing on the Emergency Motion for Authority to Incur Secured Debt with Presidential Healthcare Credit Corporation, to Use Cash Collateral, and to Provide Adequate Protection Pursuant to 11 USC Sections 363 and 364 (the "Motion") filed by Saint Catherine Hospital of Indiana, LLC, as debtor and debtor-in-possession (collectively, the "Debtor"), seeking, inter alia, pursuant to Sections 105, 361, 364(c)(2) and (d) and 363(c) of Title 11 of the United States Code (the "Bankruptcy Code"), and

1

Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the following:

    (a) use of the Cash Collateral on the terms provided herein; and
    (b) granting of adequate protection to Presidential Healthcare Credit Corporation ("Presidential") to the extent provided herein.

In connection with this request, the Court finds the following:

    (a) Debtor is unable to obtain unsecured credit allowable under Bankruptcy Code Section 503(b)(1) as an administrative expense. New financing facilities are unavailable to Debtor without Debtor and/or this Court granting to Presidential a security interest pursuant to the Loan agreement of the Cash Collateral Receivables and the granting of a continuing security interest and lien (which assignment and lien shall be a second priority security interest and lien) in all of the Cash Collateral Receivables in accordance with the Loan Agreement (such financing, the "Financing") and pursuant to Bankruptcy Code Section 364 (c).
    (b) The entry of this Order (a) will minimize the disruption to Debtor's business that would otherwise result from the filing of the petition commencing Debtor's Chapter 11 case (the "Chapter 11 Case") and will enhance the likelihood that Debtor will maintain patient care levels, (b) increase the likelihood that Debtor will be reorganized pursuant to the Bankruptcy Code, (c) is in the best interests of Debtor, its creditors, and their estates, and (d) is necessary to preserve the assets, businesses, goodwill, and reputations of Debtor.
    (c) The Loan Agreement has been negotiated in good faith and at arms-length between Debtor and Presidential and any credit or funds extended or paid to Debtor by Presidential pursuant to the Loan Agreement shall be deemed to have been extended in good faith, as that term is used in Bankruptcy Code Section 364(e).
    (d) This Court finds that Presidential is not willing to provide the Financing unless Presidential has a second priority security interest in and lien on the Cash Collateral Receivables as security for the amounts owed under the Loan Agreement.

The Debtor and Presidential have represented to the Court that they have negotiated and agreed in good faith to the terms and conditions of this Final Order Granting Emergency Motion for Authority to Incur Secured Debt with Presidential Healthcare Credit Corporation, to Use Cash Collateral, and to Provide Adequate Protection Pursuant to 11 USC Sections 363 and 364 (the "Final Order"). Counsel to the Debtor has certified that on June 19, 2012, notice of the Motion was been given to (a) the United States Trustee for the Southern District of Indiana; (b) Presidential; (c) other secured creditors of Debtor; and (d) the parties listed on the Debtor's List of Twenty Largest Unsecured Creditors. The parties have stipulated and agreed as follows, and

based upon the pleadings, evidence, and representations of counsel, the Court hereby approves and adopts said stipulations and agreements as stipulations and conclusions of law, as appropriate, and grants the relief requested herein effective as of the Petition Date, *nunc pro tunc*, and orders:

### Jurisdiction

1. This Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. § 1334. Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. §§157(b)(2)(A), (D), (G), (K), (M) and (O).

### Notice

2. Sufficient and adequate notice of the Motion and the hearing with respect thereto has been given to prevent immediate and irreparable harm pursuant to Bankruptcy Rules 2002, 4001(b), and 9006, and as required by Section 102, 361, 363 and 364 of the Bankruptcy Code.

### Consent to Use Cash Collateral and To Incur Secured Debt

3. It is hereby ORDERED

    a. that the Debtor is immediately authorized upon signing of this order to borrow pursuant to the Loan Agreement up to an aggregate principal amount of up to $1,500,000.00, and to pay the fees, charges, costs, discounts and interest as set forth in the Loan Agreement.

    b. Debtor is expressly authorized and empowered to enter into, execute, deliver, and perform the Loan Agreement. The terms and conditions of the Loan Agreement are hereby approved, and Debtor is authorized to execute, deliver, and perform, and do all acts that may be required in connection with, the Loan Agreement. The

3

      Loan Agreement shall constitute valid and binding obligations of Debtor, enforceable against it in accordance with their terms.

   c. As security for the payment and performance of all of the obligations of the Loan Agreement, and pursuant to Bankruptcy Code Sections 364(c) and (d) and in fulfillment of Debtor's agreements under the Loan Agreement, Presidential hereby is granted (effective immediately and without the necessity of execution by Debtor or security agreements, financing statements, or otherwise) a valid, enforceable, attached, and automatically perfected assignment of and security interest in and lien on all of the existing and hereafter acquired right, title, and interest of Debtor in and to the Cash Collateral Receivables, that shall be a second priority security interest in and lien on all of the Cash Collateral Receivables.

   d. Debtor is authorized to do and perform all acts, to make, execute, and deliver all instruments and documents and to pay fees that may be required or necessary for its performance under the Loan Agreement.

   e. The automatic stay created by Bankruptcy Code Section 362 hereby is modified and vacated to the extent necessary to permit Presidential to perform in accordance with, and exercise its rights pursuant to, the Loan Agreement.

4. The Debtor's counsel shall serve a copy of this Order on all of the following parties: (i) the United States Trustee, (ii) the attorneys for the Presidential, (iii) all creditors known to the Debtor who have or may assert liens against the Debtor's assets, (iv) the Unsecured Creditors' Committee, and (vi) all parties in interest who have filed a notice of appearance.

5. Notwithstanding the foregoing, various medical and surgical supplies and equipment, intravenous solutions, office equipment, a printer, and such other equipment alleged by William G. Schwab, as Chapter 7 Trustee of the estate of Saint Catherine Hospital of Pennsylvania, LLC ("Schwab") to be held in constructive trust by the Debtor for the benefit of Schwab, estimated by Schwab to be valued at $100,000, shall be reserved for future determination as to whether said property rightfully is owned by Schwab or is property of this bankruptcy estate. To the extent the Debtor holds any assets to which Schwab holds an interest superior to that of the Debtor's estate, such assets shall not be subject to the liens of Presidential, except as otherwise provided by applicable non-bankruptcy law.

###