**SO ORDERED: December 12, 2014.**



_____
**Basil H. Lorch III
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SAINT CATHERINE HOSPITAL OF | ) | CHAPTER 11 |
| OF INDIANA, LLC | ) | |
| | ) | |
| Debtor | ) | CASE NO. 12-91316-BHL-11 |
| | ) | |

**ORDER (A) APPROVING BIDDING PROCEDURES
AND BIDDING PROTECTIONS IN CONNECTION WITH
ASSET SALE AND (B) APPROVING FORM AND MANNER
OF NOTICE OF AUCTION AND SALE HEARING**

This matter having come before the Court on the motion filed by the Debtor (the "**Debtor**") Saint Catherine Hospital of Indiana, LLC, (the "**Sale Motion**") for, *inter alia*, entry of an order (the "**Procedures Order**"): (a) approving the form and manner of notice of the auction of the Assets[1] and the Hospital as further described herein (the "**Auction**") and the hearing on the sale of the Assets and the Hospital (the "**Sale Hearing**") to the successful bidder (the "**Successful Bidder**") at the Auction; and (b) approving (i) the proposed bidding procedures (the "**Bidding Procedures**") for the Auction, and (ii) the proposed bidding protections (the "**Bidding Protections**"), including the proposed Break-Up Fee, as defined and more fully

---
[1] Terms not otherwise defined herein shall have the meaning assigned to them in the Sale Motion.

described in the Sale Motion, (the **"Break-Up Fee"**) to be paid under certain circumstances described more fully below, including in the event the bidder identified by the Trustee as making a bid that is both highest and best (the "**Stalking Horse Bidder**"), and which is designated as the Stalking Horse Bid is not ultimately the Successful Bidder; and it appearing notice of the Sale Motion was good and sufficient under the particular circumstances, and that no other or further notice need be given; and the Court having considered the arguments of counsel at the hearing held on the Sale Motion (the **"Hearing"**) and at a telephonic conference held on December 3, 2014; and it appearing that the relief requested in the Sale Motion is in the best interests of Debtor, its estate, its creditors and other parties in interest; and upon the record of the Hearing; and after due deliberation thereon; and good cause appearing therefor, it is hereby

FOUND AND DETERMINED THAT:

A. The Court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue of this case and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the sale of the Assets and Hospital (the **"Asset Sale"**) and other relief sought in the Sale Motion are sections 105(a); 363(b), (f), and (m); and 365 of the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532, as amended (the **"Bankruptcy Code"**), and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014.

C. Debtor has articulated good and sufficient reasons for approving: (i) the form and manner of notice of the Sale Motion, the Auction and Sale Hearing and the assumption and assignment of the Assumed Contracts; (ii) the Bidding Procedures; and (iii) the Bidding Protections to the Stalking Horse Bidder.

2

D. Debtor's payment of the Break-Up Fee is: (i) an actual and necessary cost and expense of preserving Debtor's estate, within the meaning of 11 U.S.C. § 503(b); (ii) of substantial benefit to Debtor's estate; (iii) reasonable and appropriate considering, among other things, the size and nature of the Asset Sale and the efforts that have been and will be expended by the Stalking Horse Bidder notwithstanding that the proposed Asset Sale is subject to higher or better offers for the Assets and Hospital; and (iv) necessary to ensure that the Stalking Horse Bidder will continue to pursue its proposed acquisition of the Assets and Hospital.

E. The Break-Up Fee will not be payable if the Stalking Horse Bidder fails to perform, for any reason other than the sale to another Qualified Bidder for a higher and better offer.

F. Assurance to the Stalking Horse Bidder of payment of the Break-Up Fee will promote more competitive bidding and will benefit the Debtor's estate by increasing the likelihood that the price at which the Assets and Hospital are sold will reflect their true worth.

G. Debtor has demonstrated a sound business justification for authorizing the Break-Up Fee.

H. The Bidding Procedures and Bidding Protections are reasonable and appropriate, and represent the best methods for maximizing the return for the Assets and Hospital.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Sale Hearing shall be held on January 16, 2015, at 10:00 am (Eastern time) at Room 103, 121 W. Spring St., New Albany, IN 47150, at which time the Court shall consider the Sale Motion and confirm the results of the Auction. Objections to the Sale Motion shall be filed and served no later than 3:00 pm (Eastern Time) on January 15, 2015 (the **"Objection Deadline"**).

2. The failure of any objecting person or entity to file its objection to the Sale Motion, the Asset Sale, or Trustee's consummation and performance of the Asset Sale on or before the Objection Deadline shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Sale Motion, the Asset Sale, or Trustee's consummation and performance of the Asset Sale, if authorized by the Court.

3. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court or on the Court's calendar on the date scheduled for the Sale Hearing or any adjourned date.

## NOTICE

4. Notice of: (a) the Sale Motion; (b) the Auction and Sale Hearing; and (c) the proposed assumption and assignment of the Assumed Contracts to the Successful Bidder shall be good and sufficient, and no other or further notice shall be required, if given as follows:

    a. <u>Notice of Sale Hearing</u>. As soon as practicable after the Court's entry of this Procedures Order, the Trustee (or his agents) shall serve the Procedures Order, by electronic mail or first-class mail, postage prepaid, upon (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for RL BB Financial LLC; (iv) counsel for People's Choice Hospital, LLC; (v) counsel for the Debtor; (vi) all entities known to have expressed a bonafide interest in a transaction with respect to the Assets and Hospital during the past four months; (vii) all entities known to have an Interest (defined below) in the Assets and Hospital; (viii) all federal, state, and local regulatory or taxing authorities or recording offices that have a known interest in the relief requested by the Sale Motion; (ix) the creditors identified on the Debtor's List of Creditors Holding the

4

Twenty Largest Unsecured Claims; (x) the Indiana Department of Revenue; (xi) the Internal Revenue Service; and (xii) the Fifth Master Service List Dated August 27, 2014.

b. <u>Assumption Notice.</u> No later than fourteen days subsequent to the Sale Hearing, the Trustee shall serve on all non-Debtor parties a final list of the Assumed Contracts, by electronic mail or first class mail, postage prepaid, a notice (the **"Notice of Assumed Contracts"**) of (i) Trustee's intent to assume and assign that party's Assumed Contract; and (ii) the cure amount (the **"Cure"**) necessary to assume the Assumed Contract. Not later than seven (7) days subsequent to the service of the Notice of Assumed Contracts, any objection to the assumption and assignment of the Assumed Contract or Cure must be filed and served so as to be received by counsel to the Trustee, counsel to the Successful Bidder, counsel to the Committee, counsel to the Prepetition Lender, and the United States Trustee. The objection must state with specificity what Cure is required (with appropriate documentation in support thereof). If no objection is timely received, the Assumed Contract shall be deemed assumed and assigned to the Successful Bidder on the closing date of the Asset Sale and the Cure set forth in the Trustee's Notice of Assumed Contracts shall be controlling, notwithstanding anything to the contrary in any Assumed Contract or any other document, and the non-Debtor party to the Assumed Contract shall be forever barred from asserting any other claims against the Trustee, the Successful Bidder, or the property of either of them, as to the Cure with respect to such Assumed Contract.

5

## **BIDDING PROCEDURES**

5. The Bidding Procedures described herein are hereby approved and shall govern all proceedings relating to the Asset Sale.

6. The Trustee will conduct an Auction for the Assets and Hospital. Such Auction shall begin on January 14, 2015, at 10:00 am (Eastern Time) at 101 S. Fifth St., Suite 2500, Louisville, Kentucky 40202.

7. On or before December 18, 2014, any party interested in bidding on the Assets and Hospital shall provide written notice to the Trustee of its interest and may submit a signed APA for the Trustee's consideration to be selected as the Stalking Horse Bid.

8. On or before December 22, 2014, the Trustee shall distribute the APA which he deems the Stalking Horse Bid in Microsoft Word to each party who has requested a copy of such agreement prior to that date. The Trustee reserves the right to distribute the APA to any party requesting same, if in his business judgment a sound reason exists to do so.

9. Only Qualified Bidders will be allowed to participate in the Auction. For purposes of the Auction, a Qualified Bidder is a person who (i) has delivered to the Trustee an executed confidentiality agreement satisfactory to the Trustee, (ii) has delivered to the Trustee a Qualified Bid (as defined below) (including an indication of the Assets sought to be acquired and a purchase price range) on or before January 12, 2015 and (iii) is reasonably likely (based on availability of financing, experience, and other considerations) to be able to consummate a transaction based on the Qualified Bid if selected as the Successful Bidder. The party submitting the Stalking Horse Bid (the **"Stalking Horse Bidder"**) shall be deemed to be a Qualified Bidder.

10. A **"Qualified Bid"** is a proposal (a) the value of which must be greater than the sum of (i) the value of the Stalking Horse Bid, (ii) the Break-Up Fee, and (iii) $100,000, the initial Minimum Incremental Bid Amount; (b) that proposes to purchase substantially all of the Assets, including the Hospital; and (c) is accompanied by satisfactory evidence of committed financing or other ability to perform. A Qualified Bid may be accompanied by a proposed APA, but the submission of a proposed APA is not mandated, and an otherwise Qualified Bid will not be rejected solely for failure to submit a proposed APA, if in the Trustee's discretion the Qualified Bid is sufficient to serve as a bid.

11. If more than one Qualified Bid is received, the Trustee shall commence the Auction and the bidding shall be in minimum increments of $50,000 cash.

12. The Trustee: (a) shall determine and announce at the conclusion of the Auction, in his business judgment, which Qualified Bid is the highest or otherwise best offer; and (b) may reject at any time before entry of an order of the Court approving a Qualified Bid, any bid that, in the Trustee's sole discretion, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code or the Bidding Procedures, or (iii) contrary to the best interests of the Trustee, the Debtor's estate, and/or its creditors.

## **BREAK-UP FEE**

13. The Break-Up Fee is hereby approved. Trustee's obligation to pay the Break-Up Fee shall, until paid, constitute an administrative expense pursuant to section 503(b) of the Bankruptcy Code.

14. The Break-Up Fee shall be paid in full at the closing on the Asset Sale from the sale proceeds by wire transfer of immediately available funds to an account designated by the Stalking Horse Bidder or such designee. The Break-Up Fee will not be payable if the

7

Stalking Horse Bidder fails to perform for any reason other than the sale to another Qualified Bidder for a higher and better offer.

15. The Trustee is hereby authorized and empowered to take such steps, expend such sums of money, amend these Procedures, or do such other things as may be necessary to implement and effect the terms and requirements of this Procedures Order.

16. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Procedures Order.

####