UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

IN RE:                                                )
                                                      )   Case No. 12-91316-BHL-11
SAINT CATHERINE HOSPITAL OF INDIANA,   )
LLC,                                                  )
                                                      )
                                                      )
                                                      )
                    Debtor.                           )

**OBJECTION TO VERIFIED EMERGENCY MOTION FOR AN ORDER (I) APPROVING SALE OF CERTAIN OF DEBTOR'S ASSETS; (II) GRANTING AUTHORITY TO RESOLVE LICENSING AND MEDICARE ISSUES; (III) APPROVING DISPOSITION OF PROPERTY OWNED BY SAINT CATHERINE HEALTHCARE, LLC; (IV) APPROVING CESSATION OF ALL OPERATIONS OF THE DEBTOR; AND (V) GRANTING RELATED RELIEF**

The United States of America, Department of Health and Human Services ("HHS"), by counsel, Josh J. Minkler, United States Attorney, by Jeffrey L. Hunter, Assistant United States Attorney, respectfully objects to the Debtor's Verified Emergency Motion for an Order (I) Approving Sale of Certain of Debtor's Assets; (II) Granting Authority to Resolve Licensing and Medicare Issues; (III) Healthcare, LLC; (IV) Approving Cessation of All Operations of the Debtor; and (V) Granting Related Relief, (the "Emergency Motion") (Doc. 874) on the ground that the Emergency Motion seeks Court approval of a Proposed Asset Purchase Agreement ("APA") which improperly provides for the sale of a Medicare provider number contrary to the clear provisions of 42 C.F.R. § 424.550(a) ("A provider or supplier is prohibited from selling its Medicare billing number or privileges to any individual or entity, or allowing another individual or entity to use its Medicare billing number.")   Further, the APA improperly attempts to give this Court jurisdiction over the transfer of the hospital's now terminated Medicare provider agreement,

1

by means of paragraph 3.1 of the APA.   Finally, HHS objects to the Emergency Motion to the extent it could be read to affect any rights HHS has under any statute, rules, regulations, policies, or common law.

In support thereof, HHS advises the Court of the following:

1. Debtor's Emergency Motion was filed on or about April 20, 2015.

2. Debtor's Emergency Motion seeks approval of an asset purchase agreement that purports to transfer Debtor's Medicare number subject to the approval of the Bankruptcy Court. *See* APA § 1.1(g) and § 3.1 (Doc. 874-4 at 2 and 3).

3. Section 3.1 of the APA provides:   "Purchaser and Seller acknowledge that this Agreement, the other transaction documents, the purchase and sale of the Purchased Assets, the assumption and assignment of the Assigned Contracts and other transactions are expressly subject to Bankruptcy Court approval."

4. Provider numbers cannot legally be sold.   42 C.F.R. § 424.550(a) ("A provider or supplier is prohibited from selling its Medicare billing number or privileges to any individual or entity, or allowing another individual or entity to use its Medicare billing number.")

5. In addition, that portion of the APA providing for the sale of the Medicare billing number cannot be approved, as there was no provider agreement at the date of the APA.   The hospital's provider agreement was voluntarily terminated effective February 20, 2015, pursuant to 42 C.F.R. § 489.52(b)(3) at the hospital's request.   *See* Exhibit 1 Letter from Crews dated March 23, 2015 at ¶ 3 (unnumbered).   *See also* Exhibit 2 Letter dated April 14, 2015.[1]   Thus, the

---

[1] The Trustee's letter requesting termination if operations were not resumed by April 10, 2015 was dated March 23, 2015.   No operations were resumed by April 10, 2015.   The APA bears a date of April 14, 2015.   Thus, the Trustee should have been aware of the status of the provider agreement before the execution of the APA.

2

hospital no longer participated in the Medicare program at the date of the APA.

6. Further, CMS could have involuntarily terminated the provider agreement because after the hospital ceased operating it no longer satisfied the statutory definition of hospital in that it was no longer primarily engaged in providing inpatient services. *See* 42 U.S.C. § 1395x(e)(1). In that case, there would have been no billing number to transfer.

7. To the extent there is a dispute over whether or not there is a Medicare provider agreement to transfer, the APA improperly attempts to give the bankruptcy court jurisdiction over that dispute.

8. This Court does not have jurisdiction to resolve Medicare disputes. *See* Pub. L. No. 98-369, 98 Stat. 1162, § 2664(b); *Bodimetric Health Servs. v. Aetna Life & Cas.*, 903 F.2d 480, 489 (7th Cir. 1990), citing *Stephan v. U.S.*, 319 U.S. 423, 426 (1943) ("the code cannot prevail over the Statues at Large when the two are inconsistent."); *In re Home Comp Care*, 221 B.R. 202, 206 (N.D. Ill. 1998).

9. Further, HHS objects to the Emergency Motion and to any order entered in connection therewith, that could affect its right to recoup or offset, or to extinguish any rights it might have, and further objects to the extent that any order entered in or in connection therewith would act as an adjudication or determination as to any claim it might have in connection with the Debtor, and to the extent that any such order would affect any jurisdictional or other defense it might have. HHS further objects to any order entered in connection to the Motion that would purport to affect the application of the statutes, rules, regulations and policies respecting Medicare as they pertain to the Debtor, reorganized Debtor, the Affiliation Party or any successor thereto. Such statutes, rules, regulations and policies include, but are not limited to those pertaining to

3

provider agreements, provider reimbursement, changes of ownership, and survey and certification for compliance with Medicare's requirements for participation.

10. For all of the foregoing reasons, HHS objects to the entry of any order that approves those provisions of the APA that purport to authorize the sale of the hospital's Medicare provider number because Medicare provider numbers cannot be sold, and because the debtor no longer participates as a provider in the Medicare program based upon the request of the Trustee. HHS further objects to the entry of any order that approves those provisions of the APA that imply or grant the Court jurisdiction over any dispute involving the provider agreement. Finally, HHS objects to the Emergency Motion to the extent that its seeks the entry of an order which would act as an adjudication or determination as to any claim it may have in connection with the Debtor, and to the extent that any such order would affect any jurisdictional or other defense it might have.

WHEREFORE, HHS objects to the Motion to the extent it seeks to affect any such rights of HHS, and further objects to the entry of any order that would affect HHS's rights.

        Respectfully submitted,

        JOSH J. MINKLER
        United States Attorney


By: /s/Jeffrey L. Hunter
   Jeffrey L. Hunter
   Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2015, a copy of the foregoing OBJECTION TO VERIFIED EMERGENCY MOTION FOR AN ORDER (I) APPROVING SALE OF CERTAIN OF DEBTOR'S ASSETS; (II) GRANTING AUTHORITY TO RESOLVE LICENSING AND MEDICARE ISSUES; (III) APPROVING DISPOSITION OF PROPERTY OWNED BY SAINT CATHERINE HEALTHCARE, LLC; (IV) APPROVING CESSATION OF ALL OPERATIONS OF THE DEBTOR; AND (V) GRANTING RELATED RELIEF was filed electronically. Notice of this filing will be sent to all persons receiving electronic notifications in this case through the Court's ECF system. Parties may access this filing through the Court's system.

/s/Jeffrey L. Hunter
Jeffrey L. Hunter
Assistant United States Attorney

Office of the United States Attorney
Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, Indiana 46204-3048