IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN THE MATTER OF: | CASE NO. 12-91316 |
| SAINT CATHERINE HOSPITAL OF INDIANA, LLC, | CHAPTER 11 |
| Debtors. | |

**INDIANA STATE DEPARTMENT OF HEALTH LIMITED OBJECTION TO TRUSTEE'S VERIFIED EMERGENCY MOTION FOR AN ORDER (I) APPROVING SALE OF CERTAIN DEBTOR'S ASSETS; (II) GRANTING AUTHORITY TO RESOLVE LICENSING AND MEDICARE ISSUES; (III) APPROVING DISPOSITION OF PROPERTY OWNED BY SAINT CATHERINE HEALTHCARE, LLC; (IV) APPROVING CESSATION OF ALL OPERATIONS OF THE DEBTOR; AND (V) GRANTING RELATED RELIEF**

Comes now Interested Party, Indiana State Department of Health ("ISDH"), by counsel, and, for its Limited Objection to Trustee's Verified Emergency Motion for an Order (I) Approving Sale of Certain Debtor's Assets; (II) Granting Authority to Resolve Licensing and Medicare Issues; (III) Approving Disposition of Property Owned by Saint Catherine Healthcare, LLC; (IV) Approving Cessation of all Operations of the Debtor; and (V) Granting Related Relief ("Limited Objection'), states as follows:

1. On April 20, 2015, Lyen C. Crews II ("the Trustee") filed a Verified Emergency Motion for an Order (I) Approving Sale of Certain Debtor's Assets; (II) Granting Authority to Resolve Licensing and Medicare Issues; (III) Approving Disposition of Property Owned by Saint Catherine Healthcare, LLC; (IV) Approving Cessation of all Operations of the Debtor; and (V) Granting Related Relief ("Emergency Motion for Sale"). *See* Dkt 874.

2. In the Emergency Motion for Sale, the Trustee alleges that the Centers for Medicare & Medicaid Services ("CMS") determined that Saint Catherine Healthcare, LLC ("the Debtor") was not a hospital and intended to terminate the Debtor's participation in Medicare. *See Id*. at ¶ 19.

3. The basis for that determination was the Debtor's discharge of all patients on or before February 19, 2015. *Id*. at ¶¶ 18-19.

4. On March 12, 2015, the Indiana State Department of Health ("ISDH") instituted an administrative process to revoke the Debtor's license to operate as a hospital. *Id*. at ¶ 20. *See also* Dkt 874-2.

5. Further, the Trustee alleged that the ISDH entered an Emergency Order banning further admissions to the Debtor. Said Order was entered April 7, 2015. Dkt 874 ¶¶ 20, 22. *See also* Dkt 874-3.

6. The Trustee requests the Court to approve the Asset Sale as set forth in the Asset Purchase Agreement. *See* Dkt 874 ¶ 25 and Dkt 874-4.

7. The Terms of the Asset Purchase Agreement include the transfer to the purchaser of the license to operate as a hospital with the ISDH. *Id*.

8. ISDH is the entity that licenses and regulates hospitals. Ind. Code § 16-21-2-2.

9. Any entity[1] wishing to operate a hospital in the State of Indiana must apply for a hospital license. Ind. Code § 16-21-2-10.

10. The applicant for a license must comply with all requirements for the application as provided in Indiana Code section 16-21-2-11.

11. Pursuant to the definition of a hospital, the facility must be "a place … that holds out to the general public that it is operated for hospital purposes and that it provides care, accommodations, facilities, and equipment, in connection with the services of a physician, to individuals who may need medical or surgical services." Ind. Code § 16-18-2-179(b).

12. As the Debtor is not accepting patients for any purpose, it is not a "hospital".

---

[1] Other than a hospital operated by the Federal Government. Ind Code 16-21-2-1(b).

13. Additionally, pursuant to Indian Code section 16-21-2-14, a license to operate a hospital is only good for one year, is **not assignable or transferable**, and is issued only for the premises named in the application.

14. As the license cannot be transferred by Indiana law, this Court does not have the authority to transfer the license.

15. The Debtor appears to misunderstand the process involved with licensing at this time. The Debtor appears to believe that the license could simply be "reinstated", however that is not the policy of ISDH. Rather, any license issued to the Debtor at this time would be a new application and require an inspection of the facilities, along with meeting all other requirments.

16. Under a new application, the facilities would have to meet all current building codes, which ISDH believes the facility does not currently meet.

17. Additionally, the purchaser – according to the Emergency Motion for Sale – is the "Midwest Center for Foreign Investment, LLC, or a related entity of that company (collectively "MCFI")." *See* Dkt 874.

18. The purchaser listed in the Asset Purchase Agreement is JayMed, LLC. *See* Dkt 874-4.

19. JayMed, LLC is not a registered business in either Indiana or Kentucky.

20. Jayesh Sheth claims to be the managing member of JayMed, LLC. He has not provided anything to prove JayMed, LLC is an actual company.

21. MCFI is not a hospital, healthcare provider or healthcare related entity. Pursuant to their website, MCFI is a Regional Center designated by USCIS for immigration purposes. They are headquartered in Atlanta, Georgia with an office in Clarksville, Indiana. A true copy of the home page of the MCFIUSA.com webpage is attached and incorporated by reference as **Exhibit A**.

22. Based on information and belief, MCFI is not an entity that could be approved currently to hold a license to operate a hospital pursuant to the requirements of ISDH.

23. Also, the Emergency Motion for Sale indicates that the Debtor will cease operations following the sale.  *See* Dkt 874 ¶¶ 26 and 34.

24. The Debtor has admitted that there are no patients in the facility.

25. As the Debtor's operations, such as they are with no patients, are intended to be ceased upon the sale, there is no reason to transfer hospital license to the purchaser, if even the license could be transferred.

26. Upon the cessation of the "operations" of the Debtor, any active hospital license would be terminated and the purchaser would be back in the same position that the Debtor is at this time.

27. Upon completion of the sale, any *eligible* purchaser of the hospital would be required to apply for a license to operate a hospital.

WHEREFORE, the Indiana State Department of Health prays that Emergency Motion for Sale be denied as to the transfer of the hospital license.

    Respectfully submitted,

    GREGORY F. ZOELLER
    Attorney General of Indiana
    Atty. No. 1958-98

By: /s/ Heather M. Crockett
    Heather M. Crockett
    Deputy Attorney General
    Office of the Indiana Attorney General
    Indiana Government Center South, Fifth Floor
    302 W. Washington Street
    Indianapolis, IN 46204-2770
    Phone: (317) 233-6254
    Fax: (317) 232-7979
    Heather.Crockett@atg.in.gov

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Indiana State Department of Health Limited Objection to Trustee's Verified Emergency Motion for an Order (I) Approving Sale of Certain Debtor's Assets; (II) Granting Authority to Resolve Licensing and Medicare Issues; (III) Approving Disposition of Property Owned by Saint Catherine Healthcare, LLC; (IV) Approving Cessation of all Operations of the Debtor; and (V) Granting Related Relief has been duly served upon all parties and counsel of record by ECF notification on this 24th day of April, 2015.

By: /s/ Heather M. Crockett
Heather M. Crockett
Deputy Attorney General
Atty. No. 26325-22
Office of the Indiana Attorney General
Indiana Government Center South, Fifth Floor
302 W. Washington Street
Indianapolis, IN 46204-2770
Phone: (317) 233-6254
Fax: (317) 232-7979
Heather.Crockett@atg.in.gov