UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| | ) | CHAPTER 11 |
| SAINT CATHERINE HOSPITAL | ) | |
| OF INDIANA, LLC | ) | CASE NO. 12-91316 |
| | ) | |
| | ) | |
| Debtor. | ) | |

**AGREED ENTRY (I) AWARDING GANNOTT LAW GROUP, PLLC'S
FINAL COMPENSATION FOR ATTORNEYS' FEES AND COSTS; (II) AWARDING
FEES AND EXPENSES TO TRUSTEE AND COUNSEL FOR TRUSTEE; (III) AND
RESOLVING PENDING OBJECTIONS TO FEE APPLICATIONS**

This matter having come before the Court upon the Fourth Interim Application for Compensation of Gannott Law Group, PLLC ("Gannott Law Group") [Doc # 1220] (the "Fourth Gannott Application"); the Third Application for Compensation of Dinsmore & Shohl, LLP ("Dinsmore") [Doc # 1247] (the "Third Dinsmore Application"); the Second Application for Compensation of Lyen C. Crews II, in his capacity as Chapter 11 Trustee [Doc # 1248] (the "Second Trustee Application"); and the Fifth Interim and Final Application for Compensation of Gannott Law Group [Doc # 1261] (the "Final Gannott Application," and collectively the aforementioned Applications, the "Pending Applications"), and the objections to the Pending Applications filed by Lyen C. Crews II, Chapter 11 Trustee (the "Trustee") [Doc # 1231]; the United States of America, Internal Revenue Service (the "IRS") [Doc # 1233]; and Gannott Law Group [Doc # 1259, 1260] (collectively, the "Pending Objections"), and the Court having reviewed the record and for good cause found:

**THIS COURT FINDS AND CONCLUDES AS FOLLOWS:**

1

I.  Gannott Law Groups Fee and Expense Claims

A.  On October 15, 2013, the Court awarded Gannott Law Group the sum of $34,562.44 in interim compensation and reimbursement of expenses. [Doc # 397].

B.  On October 24, 2014, the Court awarded Gannott Law Group the additional sum of $16,213.96 in interim compensation and reimbursement of expenses. [Doc # 556].

C.  On April 14, 2015, the Court awarded Gannott Law Group the additional sum of $89,785.25 in interim compensation and reimbursement of expenses. [Doc # 866].

D.  As stated in the Fourth Gannott Application, Gannott Law Group seeks compensation and the reimbursement of fees and expenses incurred between February 1, 2015 and September 30, 2016 in the amount of $180,565.50 and $397.64, respectively. The $180,565.50 in requested compensation included a lodestar enhancement using the same rates as Dinsmore.

E.  As stated in the Final Gannott Application, Gannott Law Group seeks compensation incurred between October 1, 2016 and December 6, 2016 in the amount of $23,081.00. The $23,081.00 in requested compensation included a lodestar enhancement using the same rates as Dinsmore.

F.  Gannott Law Group has been paid a total of $20,000 in interim compensation.

II.  Trustee Fee and Expense Claims

G.  On April 13, 2015, the Court awarded the Trustee the sum of $88,345.82 in interim compensation and reimbursement of expenses. [Doc # 865].

H.  As stated in the Second Trustee Application, the Trustee seeks compensation and reimbursement of expenses incurred between February 1, 2015 and November 16, 2016 in the total amount of $71,620.45.

2

    I.      Pursuant to the Court's approval of the Trustee's Motion to Compromise [Doc # 1264, 1271], the Trustee's total fee claim will be lowered by the amount of $11,654.18.

    J.      The Trustee has been paid a total of $88,345.82 in interim compensation.

    K.      The Trustee has incurred and/or will continue to incur additional fees and costs associated with the conclusion of this case.

    III.      <u>Dinsmore Fee and Expense Claims</u>

    L.      On April 13, 2015, the Court awarded Dinsmore the sum of $94,520.75 in interim compensation and reimbursement of expenses. [Doc # 864].

    M.      On May 13, 2016, the Court awarded Dinsmore the sum of $158,490.71 in interim compensation and reimbursement of expenses. [Doc # 1149].

    N.      As stated in the Third Dinsmore Application, Dinsmore seeks compensation and reimbursement of expenses incurred between April 1, 2016 and October 31, 2016 in the total amount of $15,111.23.

    O.      Dinsmore was paid a total of $100,000 in interim compensation, of which $11,654.18 was paid to the IRS pursuant to the Court's approval of the Trustee's Motion to Compromise. [Doc # 1264, 1271].

    P.      Dinsmore has incurred and/or will continue to incur additional fees and costs associated with the conclusion of this case.

    IV.      <u>The Pending Objections</u>

    Q.      The Trustee, the IRS, and Gannott Law Group have all filed the Pending Objections to one or more of the Pending Applications, on the grounds stated in the Pending Objections.

R.    On January 30, 2017, the Trustee and the IRS obtained an extension of time to object to Gannott Law Group's Fifth Interim and Final Application for Compensation and/or Reimbursement of Expenses through March 13, 2017 [Doc # 1286].

S.    The Trustee, Dinsmore, Gannott Law Group, and the IRS have conferred with respect to the Pending Applications and Pending Objections and have reached an agreement pursuant to the terms and conditions stated herein.

**IT IS HEREBY FOUND AND ORDERED AS FOLLOWS:**

1.    The Pending Applications are approved on the terms and conditions provided for herein.

2.    The Pending Objections are overruled except to the extent upheld as provided for herein.

3.    Gannott Law Group's Final Application is granted in the amount of $344,605.79 as a Final Application, covering all prior interim applications filed as the First through the Final Application. All other relief requested in Gannott Law Group's Final Application is denied.

4.    The Second Trustee Application is granted in the amount of $71,620.45.

5.    The Third Dinsmore Application is granted in the amount of $15,111.23.

6.    On January 7, 2015, the Trustee filed an Emergency Motion for Authority to Incur Secured Debt with New Washington State Bank Pursuant to 11 11 U.S.C. § 364 [Doc # 718] ("Emergency Motion"), which was granted on January 9, 2015 [Doc # 725]. The Order granting the Emergency Motion allowed the Trustee to borrow $500,000, of which $200,000 was approved as a "carve out" to be set aside for fees and expenses of the Trustee and the Trustee's professionals (the "Set-Aside"). Within 15 days of entry of this Order, Dinsmore shall pay to

4

Gannott Law Group the sum of $15,000 (the "Gannott Payment") out of the $100,000 that Dinsmore received from the Set-Aside for application to its administrative claim.

7. The transfer of the Gannott Payment shall be accounted for in determining the unpaid fees and expenses of Dinsmore such that Dinsmore may increase its allowed administrative claim against the Debtor's estate by $15,000. After Gannott Law Group receives payment of the $15,000.00 Gannott Payment, Gannott Law Group's allowed administrative claim shall be reduced by $15,000.00 from the total of $324,605.79 that remains unpaid, and thereafter Gannott Law Group shall have an allowed administrative claim of $309,605.79 that is due to be paid pro rata with other administrative creditors.

8. The IRS and Trustee advised Gannott Law Group that they are filing a motion and other appropriate pleadings in the Bankruptcy Court seeking disgorgement or partial disgorgement of prior distributions to the Debtor's attorneys paid as compensation or reimbursement of expenses, and this fact was used as a material inducement for Gannott Law Group to make concessions under this agreed order.

9. As to the Pending Applications, and all prior applications for compensation by the Trustee, Dinsmore, and Gannott Law Group, this Court finds and concludes that: (A) the awarded compensation is for actual, necessary services and that the reimbursement is for actual, necessary expenses; (B) the services were necessary to the administration of, and beneficial toward, the completion of this case; (C) the services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; (D) the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases under this title; and (E) the application, notice and the opportunity for hearing were proper.

5

10. Upon any interim and/or final distributions from the Bankruptcy Estate, Gannott Law Group's, the Trustee's, and Dinsmore's administrative claims shall be paid pro rata with all other administrative claimants.

11. This Order resolves and terminates all objections that have been brought or may be brought to the fees and expenses encompassed in the prior applications for compensation and reimbursement of expenses, including but not limited to the Pending Applications, of the Trustee, Dinsmore, and Gannott Law Group, including, but not limited to the Pending Objections.

12. Upon entry of this Order, after crediting amounts already paid, the Trustee shall have an allowed administrative claim of $59,966.27 through and including the Second Trustee Application, which has been reduced as described in Paragraph I, above, and Dinsmore shall have an allowed administrative claim of $194,776.87 through and including the Third Dinsmore Application, in addition to the amounts received from the Set-Aside and not thereafter paid to the IRS or Gannott Law Group. Due to the responsibilities of the Trustee and Dinsmore in closing this case, they may file additional applications for compensation and for reimbursement of expenses incurred in closing this case. Gannott Law Group and the IRS waive objections to any such future applications; provided however, that Gannott Law Group and the IRS may object to the reasonableness of the fee requested.

13. This is a final and appealable Order.

# # # # # #

HAVE SEEN AND AGREED TO:

 */s/ Ellen Arvin Kennedy*_____
Ellen Arvin Kennedy, Esq.
John Spires, Esq.
Dinsmore & Shohl, LLP
250 W. Main Street, Suite 1400
Lexington, Kentucky 40507
ellen.kennedy@dinsmore.com
john.spires@dinsmore.com
(859) 425-1000
*Counsel for Lyen C. Crews II as Chapter 11 Trustee*
*For Saint Catherine Hospital of Indiana, LLC*

*/s/ Peter M. Gannott*_____
Peter M. Gannott
GANNOTT LAW GROUP, PLLC
12910 Shelbyville Road
Suite 115
Louisville, Kentucky 40243
pgannott@gannottlaw.com
(502) 749-8800
*Counsel for Unsecured Creditor Committee*

*/s/ Arie M. Rubenstein*_____
Arie M. Rubenstein
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, DC  20044
Arie.M.Rubenstein@usdoj.gov
(202) 307-6588
*Counsel for the United States,*
*Internal Revenue Service*

11122420v3